UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRYSTAL LIMARY, an individual<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., an Ohio corporation, and JOHN/JANE DOES I-X, whose true identities are unknown,<br><br>Defendants. | Case No. 1:15-CV-00394-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court in the above entitled matter are: Plaintiff's Motion for Reconsideration (Dkt. 35); (2) Defendant's Motions in Limine #1 through #15 (Dkt. 34); and (3) Plaintiff's First Motions in Limine (Dkt. 33). The parties have filed responsive briefing and the motions are now ripe for the Court's consideration.

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions shall be decided on the record before this Court without oral argument.

**PROCEDURAL HISTORY**

Plaintiff filed her Complaint against Defendant on August 10, 2015. (Dkt. 1-2). Originally, she brought claims of sexual discrimination and retaliation under Title VII and the Idaho Human Rights. *Id.* On September 20, 2017, the Court granted summary judgment

on Plaintiff's sexual discrimination claims preserving for trial only the claims of retaliation. (Dkt. 28). In doing so, the Court considered the specific allegations Ms. Limary made in support of both her sexual discrimination and retaliation claims and determined whether the record on summary judgment supported either of the claims.

Plaintiff now seeks reconsideration of a small aspect of that summary judgment decision. In addition, both parties have filed motions in limine to help clarify certain evidentiary issues in advance of trial.

## DISCUSSION

**1.  Motion for Reconsideration (Dkt. 35)**

Plaintiff asks the Court to reconsider that part of the Court's September 20, 2017 Memorandum Decision and Order stating that Plaintiff cannot rely upon her transfer to the night shift as evidence in support of her retaliation claim. (Dkt. 35) The Order states:

> Ms. Limary was transferred to night shift in January 2013 and her first protected activity did not occur until February 2013 when she reported Mr. Tolbert to HR…. Accordingly, Ms. Limary's transfer to the evening shift could not have been a retaliatory adverse employment action and she cannot rely upon this fact to support her retaliation claim.

(Dkt. 28, p. 14.)

Pursuant to Rule 54(b), the Court has broad discretion to reconsider its summary judgment order. "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before entry of a judgment." Fed. R. Civ. P. 54(b).

"The general rule regarding the power of a district court to rescind an interlocutory order is as follows: 'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir.1981)).

The Court grants Plaintiff's motion for reconsideration and clarifies that its factual findings on summary judgment were based on the record before the Court at that time and are limited to the summary judgment motion. However, the legal conclusions are unchanged: Plaintiff may proceed with her retaliation claims. At trial, Plaintiff is not precluded from putting on evidence concerning her transfer to the night shift and the parties can argue to the jury whether that evidence supports her retaliation claims.

2.  **Motions in Limine**

This Order sets forth the Court's views on the matters raised in the Motions and is intended to give the parties direction on those evidentiary issues to assist in their trial preparation. The Court's ruling stated herein is preliminary and may be subject to revision upon consideration of a particular evidentiary issue presented within the context of the trial.

    A.  *Standard of Review*

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Financial, Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n. 4 (9th Cir. 2013) (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009)). Stated differently, a motion in limine is used "to exclude anticipated prejudicial evidence

MEMORANDUM DECISION AND ORDER- 3

before the evidence is actually offered" *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Although not expressly authorized by the Federal Rules of Civil Procedure or the Federal Rules of Evidence, district courts have inherent authority to consider motions in limine to manage the course of trials. *Luce*, 469 U.S. at 41 n.4; *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000) (Motions in limine are a well-recognized judicial practice authorized under case law.).

Denial of a motion in limine does not mean that all evidence contemplated by the motion will be admitted at trial. Instead, denial of such a motion simply means the Court is unable to determine whether the evidence should be excluded outside of the trial context. At trial, the parties may object to the offering of evidence even though such evidence was the subject of the Court's ruling on a motion in limine. Where a motion in limine is granted, however, the parties are precluded from arguing, discussing, or offering the particular evidence that the Court has ordered to be excluded unless the Court rules otherwise during the course of the trial.

Trial judges are afforded "wide discretion" in determining whether evidence is relevant. *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004) (citation omitted). Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling," *United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989) (citation omitted) "a district court has discretion in ruling on a motion in limine." *United States v.*

MEMORANDUM DECISION AND ORDER- 4

*Ravel*, 930 F.2d 721, 726 (9th Cir. 1991) (citing *Komisaruk*, *supra*). In exercising that discretion, however, courts must be careful not to resolve factual disputes or to weigh evidence when ruling on a motion in limine. *C & E Servs., Inc. v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008) ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence."). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Luce*, 469 U.S. 38, 41 n. 4). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993).

### B. *Defendant's Motions in Limine #1 through #15 (Dkt. 34)*

#### (1) *Testimony and/or Evidence of Sexual Discrimination*

This motion is denied. Defendant seeks an order precluding all evidence or testimony concerning sexual discrimination as a general rule at trial. The Court dismissed these claims. However, Plaintiff is proceeding to trial on her retaliation claims, which are based on her complaint of sexual discrimination. Therefore, the Court cannot issue a blanket ruling disallowing all evidence of sexual discrimination. The discrimination complaints provide the context for the retaliation claim. Accordingly, Plaintiff must be permitted to provide some explanation for the reasons she reported her supervisor to HR and when she did so. The Court will not, however, provide the jury with an instruction for the sexual harassment claims.

MEMORANDUM DECISION AND ORDER- 5

> *(2) Allegations Re Transfer to Evening Shift, the Driving Position, and Day Shift Opportunities*

This motion is denied. This motion in limine is based on the Court's findings on summary judgment. Such findings were limited to the record before the Court on summary judgment and are not binding for the purposes of trial.

> *(3) Reference to UPS Cases, Matters, or Settlements*

This motion is granted. Plaintiff stipulates that such evidence would not be relevant to the instant lawsuit unless it is otherwise placed at issue. The Court agrees.

> *(4) Punitive Damages*

This motion is denied. The Court reserves the right to instruct the jury regarding punitive damages. This issue will depend on the evidence that comes in at trial. However, to the extent it is helpful to the parties, the Court offers its preliminary perspective that, based on the evidence the Court has seen to date, it is not inclined to offer a jury instruction on punitive damages.

> *(5) Daughter's Disability*

This motion is denied. Defendant seeks an order excluding from trial any evidence or testimony regarding the extent or details of the disability of Plaintiff's oldest child on the bases that Plaintiff's claims do not arise from her daughter's disability and the probative value of this evidence is substantially outweighed by its prejudicial effect.

The Court disagrees. Plaintiff's daughter's disability is relevant to her claims in several ways that outweigh any potential prejudice. The relevancy issues include factual

context for Plaintiff's scheduling needs, her eligibility for a hardship transfer, and her damages claim.

### *(6) Front Pay Damages*

This motion is denied. Defendant seeks to limit Plaintiff's ability to put on proof of future damages on the basis that there must be evidence to support an instruction on front pay. Defendant further argues that Plaintiff does not have a damages expert and could not calculate her damages at her deposition. Plaintiff counters that she disclosed in supplemental discovery responses future earnings losses calculated at $306.00 per week.

At this point, the Court will not preclude Plaintiff from putting on proof of future damages. If the proof at trial is ultimately insufficient to justify submitting this issue to the jury, the Court will revisit this decision.

### *(7) Hardship Transfer Email*

This motion is denied. Plaintiff made a hardship transfer request that UPS denied after she made her sexual discrimination complaint. UPS argues that it rejected her application based on insufficient "QPR scores." UPS seeks to exclude from evidence a September 18, 2013 email on the basis that the author made erroneous conclusions concerning Plaintiff's QPR scores.

This is not a proper basis for an order excluding evidence at trial. To the extent Plaintiff can lay the proper foundation for the email and it is otherwise relevant to her retaliation claim, it will be allowed as evidence at trial. Defendant can then explain why and how the email is incorrect.

### (8) Surveillance Camera

This motion is denied. Defendant seeks an order precluding from trial any mention or reference to a surveillance camera at the Nampa Center.

Plaintiff alleges that the camera was set up to monitor her behavior and as an act of retaliation. The basis for Defendant's motion is that Plaintiff testified at her deposition that she did not know why the surveillance camera was set up. Defendants explain that it was set up for the purpose of catching vandals.

The Court will not issue a blanket order precluding from trial any mention or reference to a surveillance camera at the Nampa Center from Plaintiff or any other witness. Testimony that constitutes speculation is not admissible. However, Plaintiff can testify regarding the fact and timing of the installation, how it made her feel, and what she did as a result and such testimony would not constitute speculation. Defendant may counter such testimony though its own witnesses or confront the Plaintiff with any testimony that is inconsistent with her deposition testimony.

### (9) Allegations of Retaliation Not Set Forth in Charging Documents

This motion is granted. Plaintiff stipulates that she will not offer new allegations of retaliation beyond those existing in the record.

### (10) Plaintiff's Handwritten Notes

This motion is denied. The Court will not issue an order excluding from trial any reference to or use of Plaintiff's handwritten notes.

Plaintiff's handwritten notes generally constitute out-of-court statements that may not be offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801, 802, 803.

MEMORANDUM DECISION AND ORDER- 8

Nonetheless, the notes may be admissible for some other reason. Accordingly, the Court reserves final ruling on this issue depending on how and if the evidence is offered at trial.

    *(11)    Testimony that Plaintiff Was Entitled to Certain Shifts or Hours*

This motion is denied. Plaintiff argues that she was promised certain shifts and hours and such promises were withdrawn in retaliation for her discrimination claim. Defendant argues that Plaintiff was an at-will employee and thus could not be guaranteed certain shifts or hours.

The Court finds such assurances would be relevant to Plaintiff's retaliation claim. Even if she is an at-will employee and, thus, could not be guaranteed certain hours or shifts, that does not mean that she did not have preliminary discussions with her supervisors concerning potential opportunities. Defendant can argue that Plaintiff had no legitimate expectation of continued employment but it cannot bar Plaintiff from providing testimony or other evidence as to what she understood future opportunities would be and the basis for her understanding.

    *(12)    UPS's Assets, Revenue, or Incomes*

This motion is granted. Plaintiff stipulates that she will not seek to offer such evidence.

    *(13)    Undisclosed Efforts Made to Obtain Employment after November 2015*

This motion is granted. Plaintiff stipulates not to offer testimony or evidence regarding any undisclosed attempts by her to find employment between November 2015 and August 2017.

*(14) Admissibility of Offer to Move Plaintiff to Boise Office*

This motion is denied. Defendant requests an order allowing the introduction of evidence that it gave Plaintiff the opportunity to transfer out of the Nampa Center in February 2014 but Plaintiff refused that offer. The parties do not dispute that the offer was made as part of an offer to settle the case in mediation.

Federal Rule of Evidence 408(a) provides that offers of settlement are inadmissible "either to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). By extension, they are also inadmissible for the purpose of limiting damages. The offer to move Plaintiff back to Boise was made in the context of settlement negotiations and contingent upon her settling her claim. Therefore, it cannot be used as sword or shield by either party.

*(15) Admissibility of IHRC Determination*

This motion is denied. Defendant seeks an order allowing the introduction of the Idaho Human Rights Commission's Investigator's Report and Commission Determination ("IHRC Report") if: (1) Plaintiff is allowed to present to the jury her submissions to the IHRC or (2) to the extent she asserts that her allegations against UPS and Tolbert were not investigated. Plaintiff stipulates that she will not assert that her allegations against UPS and Tolbert were not investigated. She has not yet decided whether to offer her submissions to the IHRC into evidence. Further, Plaintiff argues that the IHRC Report should only be allowed into evidence through the investigator's testimony at trial.

In *Plummer v. Western Int'l Hotels Co.*, 656 F.2d 502, 505 (9th Cir. 1981), the Ninth Circuit held that a *plaintiff* has a "right to introduce an EEOC probable cause determination

MEMORANDUM DECISION AND ORDER- 10

in a Title VII lawsuit, regardless of what other claims are asserted, or whether the case is tried before a judge or jury." The reason is based in part on the following reasoning: "A civil rights plaintiff has a difficult burden of proof, and should not be deprived of what may be persuasive evidence." *Id.*

The Ninth Circuit later indicated "the *Plummer* ruling is not restricted solely to EEOC findings of probable cause but extends to similar administrative determinations...." *Heyne v. Caruso*, 69 F.3d 1475, 1483 (9th Cir. 1995). Further, the District Court of Idaho has applied these cases and their reasoning to IHRC reports and probable-cause determinations. *See Garcia v. PSI Environmental Systems*, Case No. 1:10-cv-00055-EJL, 2012 WL 2359496, * 1 (June 20, 2012).

However, while the *Plummer* rule in the Ninth Circuit provides for the admissibility of probable cause findings, that rule does not apply to final conclusions of the EEOC. The Ninth Circuit distinguishes between probable cause determinations and a final EEOC "decision and order." *See Amantea-Cabrera v. Potter*, 279 F.3d 746, 749 (9th Cir. 2002) ("The EEOC decision and order in this case, unlike the EEOC probable cause determination in *Plummer*, contains a conclusive finding of liability under Title VII). The admission of a final administrative decision and order, whether by the EEOC or the IHRC, is up to the Court's discretion.

In this case, the Court is reluctant to allow the IHRC Report into evidence and, based on the record before it at this time, cannot say that it would be admissible. Its admissibility will depend, in large part, on the foundation made for its inclusion and the context in which it might be made relevant to this dispute. The Court is fundamentally concerned about

MEMORANDUM DECISION AND ORDER- 11

prejudice and the risk that the jury could relinquish its role to independently evaluate the evidence if provided the commission determination that there was no probable cause for the sexual discrimination and retaliation claims.

### C. *Plaintiff's First Motions in Limine (Dkt. 33)*

#### (1) *Settlement Negotiations and Rule 408*

This motion is granted. Evidence of settlement negotiations is inadmissible under Rule 408. Fed. R. Evid. 408. The issue is whether UPS's offer to move Plaintiff to the Boise facility in February 2014 falls outside the scope of the rule. As already addressed, at this point, the Court does not see that it does. Any and all offers of compromise are inadmissible for any and all purposes- especially including using such offers as a means of limiting proof of damages.

#### (2) *Excluding Non-Party Witnesses Pursuant to Rule 615*

This motion is granted with one exception. Generally, non-party witnesses are excluded from the courtroom pursuant to Rule 615. Fed. R. Evid. 615. Defendant objects to the exclusion of Dr. Nancy Collins, a Certified Rehabilitation Counselor who has been retained to offer opinions regarding Plaintiff's employability and earning capacity. Plaintiff does not object to Dr. Collins' presence in the courtroom. Accordingly, the Court will allow Dr. Collins to be present in the courtroom. Because the Court does not know the witnesses, counsel is directed to ensure that its witnesses remain outside the courtroom until called.

#### (3) *Deposition Testimony and Rule 804(b)(1)*

This motion is granted. Defendant does not object to Plaintiff's request to allow certain witnesses to provide testimony through their depositions. Defendant simply

requests dates for the designation of such testimony and opportunity to address objections in advance of presenting such testimony at trial.

The Court encourages the parties to work with one another first to address and resolve any objections in advance of trial. If possible, such objections should be raised to the Court within three days of the testimony coming in to trial. The court will attempt to resolve such disputes with 24 hours of the testimony coming in at trial.

### *(4) Evidence of Transfer to Night Shift*

This motion is granted. As the Court has already clarified, its findings on summary judgment were limited to the record provided on summary judgment. Its finding related to the night shift does not act as a bar to the Plaintiff's ability to offer such evidence at trial.

## CONCLUSION

This Order is intended to assist the parties in their preparation for trial by, to the extent possible, giving the parties guidance in structuring their cases and presentations for the upcoming trial. The final ruling on the admissibility of any particular testimony or piece of evidence will be made at trial once the Court has had the opportunity to view it in the context in which it is offered. During the trial, the parties are directed to advise the Court in advance of any evidentiary issues they anticipate arising so that the Court can address the same. The parties shall do so by notifying the Court's Staff Attorney regarding such issues well in advance of the evidence being offered.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Reconsideration (Dkt. 35) is GRANTED;

MEMORANDUM DECISION AND ORDER- 13

(2)	Plaintiff's First Motions in Limine (Dkt. 33) are GRANTED; and

(3)	Defendant's Motions in Limine #1 through 15 (Dkt. 34) are GRANTED IN PART and DENIED IN PART as explained herein.

DATED: March 22, 2018

_____
Edward J. Lodge
United States District Judge