UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRYSTAL LIMARY,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC. a Ohio corporation, and JOHN/JANE DOES I-X, whose true identities are unknown,<br>        Defendants. | Case No. 1:15-cv-00394-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court in the above entitled matter is Plaintiff's Motion for New Trial. (Dkt. 83.) The Motion is ripe for the Court's consideration. The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion is decided based on the record. For the reasons stated herein, the Court denies the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Crystal Limary, brought this suit against her employer, Defendant United Parcel Service (UPS) alleging gender discrimination and retaliation under Title VII of the Civil Rights Act and the Idaho Human Rights Act. (Dkt. 1.) The Court granted UPS's

Motion for Summary Judgment on the gender discrimination claim and the matter proceeded to trial on the retaliation claim in April of 2018. (Dkt. 28.)

Prior to trial, the parties filed Motions in Limine in which they disagreed over, among other things, the admissibility of the Idaho Human Rights Commission's Investigator's Report and Commission Determination (IHRC Report). The IHRC Report contains the IHRC's finding of no probable cause in relation to Plaintiff's September 2013 charge of sexual discrimination and retaliation made against UPS. (Dkt. 33, 34.) The Court's Order on the Motions in Limine articulated its concerns regarding the IHRC Report and ultimately concluded that the report's admissibility would depend on how it is offered at trial. (Dkt. 46.)

On re-direct of its final witness on the final day of trial, counsel for UPS questioned Jeff Grant regarding the IHRC Report and moved for its admission. The Court sustained the Plaintiff's objections and the report was not admitted. The Jury returned a verdict in favor of UPS. (Dkt. 82.) Plaintiff has now filed the instant Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59(a) arguing the method, manner, and timing of UPS's questioning regarding the IHRC Report violated this Court's rulings and resulted in the Jury's verdict against Plaintiff being influenced by passion and prejudice. (Dkt. 83.)

## STANDARD OF LAW

Federal Rule of Civil Procedure 59(a) provides that a new trial may be granted on all or some of the issues to any party after a jury trial "for any reason for which a new trial has heretofore been granted…in federal court." Fed. R. Civ. P. 59(a)(1). Although Rule 59 does not specify the grounds on which a court may order a new trial, "[h]istorically

recognized grounds include, but are not limited to, claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (citation and marks omitted). Stated differently, "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000). "[E]rroneous jury instructions, as well as the failure to give adequate instructions, are also bases for a new trial." *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990).

"[T]he district court, in considering a Rule 59 motion for new trial, is not required to view the trial evidence in the light most favorable to the verdict. Instead, the district court can weigh the evidence and assess the credibility of the witnesses." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014).

"[T]he district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d. 1101, 1111 (9th Cir. 2011) (internal citation omitted). A Rule 59 motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

## DISCUSSION

Plaintiff argues a new trial is warranted under Rule 59(a) because the method, manner, and timing of UPS's questioning regarding the IHRC Report violated the Court's

orders and resulted in a prejudicial verdict against Plaintiff. (Dkt. 83.) UPS maintains that throughout the trial, Plaintiff put at-issue her allegations of gender discriminations made to the IHRC; particularly during her cross-examination of Mr. Grant. (Dkt. 84.) The door was therefore opened by Plaintiff, UPS argues, for it to inquire into the IHRC Report and its determination of no probable cause. (Dkt. 84.) The Court finds UPS did not violate its orders and there was no prejudice against Plaintiff.

1. **No Prejudice to Plaintiff**

The Plaintiff received a fair trial and the verdict was not prejudicial against Plaintiff. UPS pursued a limited line questioning regarding the IHRC Report in an unsuccessful attempt to admit the evidence. The evidence was not admitted and not before the Jury. Plaintiff's argument that the Jury was left with the "clear inference" that the IHRC found in favor of UPS on Ms. Limary's claims for gender discrimination and retaliation, misstates the record. (Dkt. 83 at 10.)

The Jury knew Ms. Limary had made a claim to the IHRC before UPS questioned Mr. Grant on the final day of trial. The fact that Ms. Limary had filed a claim with the IHRC was part of the Jury Instructions. (Dkt. 81, Instr. 2, 25.) Plaintiff's counsel had inquired during his cross-examination of Mr. Grant about Ms. Limary's "charge" of gender discrimination in September of 2013 and her supervisor's "propensity to treat males better than females." (Dkt. 84-1, Trans. at 56:2-12.) Plaintiff's gender discrimination claim, however, had been dismissed on summary judgment. (Dkt. 28.) Only the retaliation claim was before the Jury at trial. Plaintiff's questioning of Mr. Grant at the trial concerning Ms. Limary's gender discrimination claim and the September 2013 charge opened the door to

allow UPS to follow-up on that subject. The limited amount of follow-up questioning allowed was brief and did not prejudice Plaintiff. UPS was unsuccessful in its attempt to admit the IHRC Report and the questions UPS asked did not delve into the contents of the report or its determinations.

The questions by UPS, the IHRC Report, and any inferences based thereupon were not evidence for the Jury to consider. The Jury was properly instructed that it must follow the law and instructions as given to it by the Court, that it must decide the case based solely on the evidence before it, and as to what is and is not evidence. (Dkt. 81 at Instr. 1, 4, 5, 8, 16, 17.) Juries are presumed to follow the Court's instructions. *See e.g. Teutscher v. Woodson*, 835 F.3d 936, 949 (9th Cir. 2016) (citing *Weeks v. Angelone*, 528 U.S. 225, 234 (2000)); *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1023 (9th Cir. 2000).

Further, the Court acted within its discretion in declining to give a specific limiting instruction. There was no error in the Court's rulings on the evidence, there was no prejudice to Plaintiff, and a specific limiting instruction would have served only to highlight the evidence which Plaintiff was seeking to avoid. Again, the Court's instructions advised the Jury as to what is and what is not evidence. (Dkt. 81, Instr. 4, 5, 8, 16, 17.) Furthermore, the Jury was instructed that a question is not evidence, arguments and statements by lawyers are not evidence, and whenever the Court sustains an objection to a question, it must ignore the question and must not guess at what the answer might have been. (Dkt. 81, Instr. 4, 5, 8, 16, 17.) No limiting instruction was necessary.

**2.      The Method, Manner, and Timing of the Questioning**

In its order on the Motions in Limine, the Court stated that the admissibility of the IHRC Report would depend, in large part, on the foundation laid, the context in which it is introduced, and whether it is shown to be relevant. (Dkt. 46.) The Court advised the parties that it was "fundamentally concerned about prejudice and the risk that the jury could relinquish its role to independently evaluate the evidence if provided the commission determination that there was no probable cause for the sexual discrimination and retaliation claims." (Dkt 46.) The Court's ruling on the Motions in Limine was preliminary and the parties were instructed to advise the Court well in advance of any evidentiary issues they anticipate raising at trial.

In its pretrial briefing, UPS anticipated the potential evidentiary issue regarding the IHRC Report stating: "To the extent Limary opens the door as to the sexual discrimination allegations or claims, UPS requests the admission of the [IHRC] determination, and/or this Court's decision on summary judgment." (Dkt. 51.)

That UPS sought to admit the report on the final day of trial with its final witness does not amount to sanctionable misconduct nor did it result in prejudice to the Plaintiff. UPS did not violate the Court's Order or direction. The admissibility of the report was unresolved prior to trial. UPS' limited questioning on redirect of Mr. Grant was in direct response to the Plaintiff's cross-examination inquiring about the specific "charge of discrimination filed by Ms. Limary…in September of 2013." (Dkt. 84-1, Transcript at 56:1-18.) Because Plaintiff's questions opened the door to the IHRC Report and the September 2013 charges, UPS pursued its brief line of questioning on redirect and moved to admit the IHRC Report. (Dkt. 83-2, Transcript at 1-2.) The Court allowed the limited

follow-up but ultimately sustained Plaintiff's objection to the admission of the report. That line of questioning was not improper given the prior questioning by Plaintiff on cross-examination of Mr. Grant regarding the September 2013 charge. The Motion for New Trial and request for sanctions is denied.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for New Trial (Dkt. 83) is **DENIED**.

DATED: October 18, 2018

Honorable Edward J. Lodge
U.S. District Judge